UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

OLUKAYODE DAVID OJO,

                Petitioner,                           **DECISION AND ORDER**

        v.                                            6:20-CV-06296 EAW

CHAD WOLF, Acting Secretary of the
Department of Homeland Security, et al.,

                Respondents.

─────────────────────────────

        Petitioner Olukayode David Ojo ("Petitioner"), formerly a civil immigration detainee at the Buffalo Federal Detention Facility in Batavia, New York, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release on the basis that his immigration detention violated his constitutional rights, (Dkt. 1), along with a motion for a preliminary injunction (Dkt. 2).  Also pending before the Court are the following motions: Petitioner's motion for accelerated briefing (Dkt. 6), Respondents' motion to dismiss the petition for failure to state a claim (Dkt. 7), Petitioner's motion to compel Respondents to provide dental treatment (Dkt. 14), Petitioner's motion to enjoin his transfer from the jurisdiction pending resolution of the matters raised in the petition (Dkt. 15), Petitioner's second motion to compel the provision of dental care (Dkt. 16), and Respondents' second motion to dismiss the petition for lack of jurisdiction on grounds of mootness (Dkt. 20).  For the following reasons, Respondents' second motion to dismiss the petition is granted and the remaining motions are denied as moot.

## BACKGROUND

Petitioner is a native and citizen of Nigeria.  (Dkt. 1 at 10).  At the time his petition was filed, Petitioner was being held in immigration custody at the Buffalo Federal Detention Facility.  (*Id.*).  On December 10, 2020, Petitioner was released from the custody of the Department of Homeland Security and placed on an order of supervision.  (Dkt. 20-2 at ¶ 4).

## DISCUSSION

"[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998) (quoting 28 U.S.C. § 2241).  Respondents contend that upon Petitioner's release from custody, the issues raised in the petition were rendered moot, divesting the Court of subject matter jurisdiction over the action.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (internal quotation marks and citation omitted) (alteration in original).  "Where a habeas Petition is based upon a criminal conviction, the cause is not rendered moot by the Petitioner's release from custody, provided that [the] Petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based."  *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009).  However, "[t]he district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released

during the pendency of his Petition under an order of supervision, the Petition is rendered moot." *Id.* at 341; *see also Williams v. INS*, No. 02CIV3814(GBDGWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the Petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him"); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus Petition seeking release from (INS) custody is moot when the Petitioner is no longer in (INS) custody.").

Petitioner contends that exceptions to the mootness doctrine exist in his case to warrant denial of Respondents' motion to dismiss. Specifically, he argues that the harm he suffered is capable of repetition yet evading review and that his release operates as a voluntary cessation of unlawful conduct. But the existence of a chance of re-detention does not satisfy this exception, nor has Petitioner otherwise demonstrated collateral consequences sufficient to establish a viable case or controversy. *See Leybinsky v. U.S. Immigration and Customs Enforcement*, 553 F. App'x 108, 110 (2d Cir. 2014) (finding petition moot following release from ICE custody and rejecting contention that the challenged conduct is capable of repetition yet evading review); *Berrezueta v. Decker*, 1:20-CV-10688-MKV, 2021 WL 601649, at *2 (S.D.N.Y. Jan. 11, 2021) ("The fact that [Petitioner] was released subject to an Order of Supervision imposing some restrictions on h[im] does not create a live case or controversy, nor does the fact that []he might be returned to custody in the future." (quoting *Jangmo v. Barr*, No. 20-CV-256 (JLS), 2020 WL 1891762, at *2 (W.D.N.Y. Apr. 16, 2020)).

Here, the relief sought by Petitioner over which this Court had jurisdiction related to his request to be released from custody and his claims of constitutional violations with respect to his custody.  The petition became moot upon Petitioner's release from detention. *Denis*, 634 F. Supp. 2d at 341; *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").  Petitioner is no longer subject to the condition that caused his alleged deprivation, and, as a result, the Court lacks subject matter jurisdiction to further examine the merits of the petition.

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss (Dkt. 20) is granted, the petition (Dkt. 1) is dismissed, and the other pending motions (Dkt. 6, Dkt. 7, Dkt. 14, Dkt. 15, Dkt. 16) are denied as moot.  The Clerk of the Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  March 2, 2021
        Rochester, New York